IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONY GLENN BURRELL,          )
                                )
        Plaintiff,              )
                                )
v.                              )          CIVIL ACTION NO. 11-0141-N
                                )
MICHAEL J. ASTRUE, Commissioner )
Of Social Security,            )
                                )
        Defendant.             )

<u>ORDER</u>

Plaintiff has filed a Motion for Attorneys' Fees Under the Equal Access to Justice Act (EAJA) (doc. 27).  The Commissioner has filed a Response (doc. 29) opposing the fee award on the grounds that the Commissioner's position was substantially justified. Plaintiff has filed a Reply (doc. 30).

The court remanded the plaintiff's claim to the Commissioner (doc. 26), finding that the ALJ had erred in relying on the grids rather than obtaining the testimony of a vocational expert.  Plaintiff was thus the prevailing party.  Section 204(d) of the Equal Access to Justice Act (EAJA), codified in 28 U.S.C. § 2412(d), provides in pertinent part that "a court shall award to a prevailing party ... fees and other expenses ... in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified."

As stated in the order remanding this claim, plaintiff alleged back pain from an on-the-job accident, knee pain from arthritis and bilateral foot pain from plantar fibromatosis, a condition in which non-cancerous fibroid tumors grow in the bottom of the feet, and from the two separate surgeries to remove those tumors.  The ALJ found that

the back and foot pain constituted severe impairments.  The Commissioner argues that his position was substantially justified because the ALJ could reasonably have discounted plaintiff's subjective complaints of pain so that he could have found that such pain did not impair plaintiff's ability to work.  The Commissioner asserts that "nothing in the Court's Order indicates that the Commissioner's position was unreasonable," doc. 29 at 3.

"It is only when the claimant can clearly do unlimited types of [ ] work ... that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted); *see* Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment that significantly limits his basic work activities.) Pain is a nonexertional impairment. The Commissioner's current argument is thus that the ALJ reasonably found plaintiff's pain to have been so insignificant as to have not limited plaintiff's basic work activities is not supported by the record or the findings of the ALJ. As noted, the ALJ found both sources of pain to be 'severe:' the Act defines a non-severe impairment as an impairment or combination of impairments that "does not significantly limit ... physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). As the court held in its order remanding the claim, "it does not appear that the ALJ addressed the existence of nonexertional impairments or whether this was a proper case for use of the Grids.   In addition, the Court noted that the ALJ did not address the plaintiff's knee pain nor determine whether it was a severe impairment.

2

The undersigned finds that the Commissioner has failed to bear his burden of demonstrating that his position in this litigation was substantially justified.  The ALJ's error in failing to utilize a vocational expert was clear, and the ALJ failed to offer any basis for that action.  The ALJ's determinations that two of plaintiff's conditions caused severe limitations and the fact that those conditions primary effect was pain severely undermines any attempt to claim that the Commissioner could reasonably have found such pain so insignificant as to have justified not calling a vocational expert.

The Commissioner does not challenge the number of hours or the hourly rate claimed.  The plaintiff's calculation of the prevailing market rate is appropriate under this court's procedure as set out in Lucy v. Astrue, CV-06-147-C (S.D.Ala., July 5, 2007); plaintiff requests an hourly rate of $180.41 per hour.  In addition, the court's review of counsel's time records demonstrates that the 21.5 hours claimed are reasonable and necessary.  These figures lead to a total attorneys' fee of $3,878.42.

Plaintiff requests that the amount be paid to counsel.  That does not comply with precedent.  *See* Astrue v. Ratliff, 130 S.Ct. 2521, 2524 (2010)(EAJA fees payable to plaintiff, not counsel, and are subject to set-off).

Accordingly, it is hereby ORDERED that plaintiff's Motion for Award of Fees is GRANTED, and that the Commissioner shall pay to plaintiff the sum of $3,878.42.

DONE this the 28th day of January, 2013.


/s/  Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE